## In re Rittenhouse Hotel

*Hugh Ferguson,* for accountant.

*Duane, Morris & Heckscher, George W. McKeag, Weill, Blakely & Nesbit, Lester Bowman,* and *Wolf, Block, Schorr & Solis-Cohen,* for exceptants.

LEVINTHAL, J., February 10, 1938.—We have before us the account of the First Mortgage Company of Philadelphia, filed in connection with proceedings in which the mortgage company is resigning as trustee for the holders of certificates of participation and interest in a mortgage on premises known as the Rittenhouse Hotel, Philadelphia.

The mortgage, which named the mortgage company as mortgagee, was in the face amount of $250,000, but the mortgage debt was actually $192,250, of which amount participation certificates totaling $106,500 and guaranteed by the mortgage company were sold to the public, and the balance, aggregating $85,750, were owned by the mortgage company (until January 25, 1935, when the latter certificates were sold by the receivers of the company to one Strouse). The mortgage company was to "service" the mortgage, as agent for the holders of the participation certificates which it guaranteed, and was to receive the usual premium therefor.

On December 14, 1933, the mortgage company became insolvent and receivers for the company were then duly appointed, who, beginning January 1, 1934, took possession of the mortgaged premises and began collecting rents as mortgagee in possession. The fund now before us for distribution consists of these rents.

The mortgage company, in its account, filed claims for reimbursement in the sum of $7,685.52, on account of mortgage interest advanced by it to the holders of the participation certificates on June 15, 1932, December 15, 1932, and June 15, 1933, and also for reimbursement in the sum of $2,025 advanced by it on June 6, 1933, in payment of premiums of fire insurance due on June 15, 1932. Exceptions were filed on behalf of holders of participation certificates to both claims for reimbursement. At the argument the mortgage company withdrew its claim for immediate reimbursement on account of the mortgage interest advanced by it. This was, of course, proper, for while the accountant is subrogated to the rights of

the holders of the participation certificates to the extent of the interest payments made under its guaranty, its right of subrogation is subordinated until the certificate holders be paid in full. See Hunsberger v. Perkiomen National Bank, 108 Pa. Superior Ct. 443 (1933), and Appeals of the Forest Oil Co. et al., 118 Pa. 138 (1888).

The mortgage company contends that its claim for immediate reimbursement on account of the fire insurance premiums should be allowed, because that payment was not made by reason of its contract of guaranty, but solely by reason of its alleged "duty as quasi-trustee" for the holders of the certificates. It is true that the mortgage company was not under any contractual obligation as guarantor to keep the mortgaged premises insured, and it is equally true that the mortgage company, as quasi-trustee for the holders of the certificates, was under no duty to advance its own money to have the premises insured. When the mortgage company advanced its money for the insurance premiums, it did not act under the compulsion of any duty imposed by contract or by law. It did so, naturally and properly, out of self-interest, to preserve the mortgage security in which it had a vital concern, first, as the then holder of $85,750 of the participation certificates, and, second, as the guarantor of $106,500 of publicly owned certificates.

It is contended by the accountant that the insolvency of the mortgage company should entitle it to immediate reimbursement, for it would be inequitable to permit the certificate holders to obtain a preference over the general creditors of the mortgage company. There is, in our opinion, no merit to this contention.

It is well settled that an insolvent holder of a fund who has a claim against the fund cannot participate pro rata with other claimants to whom the insolvent is also indebted by reason of a guaranty: Worrall's Appeal, 41 Pa. 524 (1862) ; Appeals of Fourth National Bank et al., 123 Pa. 473 (1889) ; North City Trust Company Case, 327 Pa. 356 (1937). In all these cases the result of the

operation of this rule may, upon superficial consideration, seem to prejudice general unsecured creditors in favor of guaranteed creditors. But such distribution is actually not harsh or unfair, particularly in a case like the instant one where the fund is the property of the holders of the participation certificates, who are the real mortgagees, and the mortgage company merely administers it in their behalf.

The accountant is therefore entitled to look to the mortgage security for reimbursement of sums advanced by it on account of insurance premiums, as well as on account of mortgage interest, but this right of reimbursement must, in both cases, be subordinate to the rights of the holders of the outstanding participation certificates.

The exceptions filed on behalf of J. Harrison Jones et al. and on behalf of Fannie Steuerlein and Sophie A. Spahn to the allowance of the accountant's claims for immediate reimbursement are accordingly sustained.